Curia, per O’Neall, J.
The only question, necessary to be considered in this case, is, whether the Court of equity could entertain jurisdiction of the bill against the securities, as well as the principals, in an administration bond'?
It appears that James Croker, and the widow of Elijah McBee, deceased, , Martha, now the wife of David Robertson, administered on the estate of the said Elijah ; that Solomon Crocker and William Gore were their securities; that James Crocker was the acting administrator, and has removed from and without the limits, of the State, leaving *488 no property within it. The securities contend that they are not liable to a suit: 1st; until their principals have accounted, and a sum, certain, has been ascertained against them: 2d that they are then only liable a.t law. The case of Hoel vs. Blanchord, 4th Equity Report 24; is the first case upon this question which appears to have been decided in the Court of Equity in this- State. From the index to the reports, it would seem that the first position, assumed by these defendants, had been decided, in their favor, by that case; but, on looking into the case, it' will be seen that, the bill, as against Blanchard on the second administration bond; was dismissed, on the ground, that the complainant had plain and adequate remedy at law. Not a word is said in Chancellor .Gaillard’s decree, (which was affirmed; generally, by the Court of Appeals,) about the necessity of “the right” being first “established against the principal, or administrator at law, or in Equity.” In that case, there were no special reasons why the Court of Equity should have assumed jurisdiction: It was a case against the security of ' the administrator, on his bond. The administrator died within the jurisdiction of the Court, and it might well have been added as another objection to proceeding on that bill, to a decree, that his administrator was not a party. Chancellor Gaillard, ill commenting on the objection to the jurisdiction of the Court, very justly remarks, “if Carpenter, when be became sole .administrator, acted improperly, and his estate should not be sufficient to pay what may be due to the estate of Bonds, the complainant will have' an opportunity of availing herself of her remedy at law.” The next reported case is that of Teague vs. Dendy, 2d M’C. C. R. 209. There the .securities to an administration bond were sought to be made liable on the ground of their principal’s, / insolvency. The administratrix, in that case, neglected to account, and' the securities, in their answer, went into a full account, still insisting, however, that they were not liable .to account in Equity.' The objection was sustained on the authority of Glenn vs. Conner, decidedi by the court of Appeals in Equity. With-neither of these'decisions have I ever been fully satisfied: but so far, as they have settled a rule, my own opinion must give way to it; and I most cheerfully *489 give it a preference to my own views. For, to the wisdom and experience of the Courts which decided these cases I always have yielded the tribute of unfeigned respect. None of these cases have, however, decided the case now before us; and I am unwilling to carry the rule farther, than to cases falling within a strict analogy to them. If any branch of jurisprudence in this State is peculiarly vexatious and embarrassing, it is that which springs from suits at law on administration bonds. Circuity and multiplicity of actions are the necessary consequence. By a bill in Equity, or a citation to account from the Ordinary, the sum, for which the administrator is liable, is ascertained. A suit is then brought on the administration bond, and a recovery had at law against the administrator and his securities. Some ground of equitable jurisdiction is then discovered, and a bill in equity is fded by the securities and the ultimate liability is fixed by the Court, which could, in the first instance, have meted out justice between all the parties, without the delay and expense of this circuity of litigation. As apt illustrations of these remarks, I refer to the cases of Wilkes, Executor of Robinson, vs. Davis, decided at this Term; and Schnell vs. Schroeder, decided at Charleston. Were we entrámmelled by previous adjudications, I should be disposed to say, that the Court of Equity might entertain jurisdiction of a bill against an administrator and his securities, on their bond, for an account, and I would sustain it; 1st, on the plain and obvious ground of equitable cognizance, to prevent both circuity and multiplicity of actions; and, 2nd, that the undertaking of the securities, by the letter of their bond, is that their principal should administer the estate according to law, and should make a just, and true account of his actings and doings therein, when required by the Court of Ordinary, and all the rest of the said goods and credits, which shall be found remaining upon the account of the Said administration, the same being allowed, by the said Court, he shall deliver and pay unió such persons as are entitled to the same by law. But., as I have already said, the previous adjudications have settled the rule that, generally, the Court of Equity has not this jurisdiction, it remains to be examined what exceptions have been made to this *490 general rule, and whether this case falls within them. Ifi the case of Riddlesperger vs. Riddlesperger, decided by the Court of Appeals in Equity, about December, 1824, a bill was sustained against an administrator and his securities for an account. In that case, the administrator had removed from and without the limits of the State: and one of the securities, Hatton, had, after the administrator’s re-removal, made some collections on the estate, and had, perhaps, made one return to the' Ordinary. In the case of Cole vs. Cole, a bill was sustained by this Court against a guardian and his securities, for an account, on the ground that the guardian had removed from and without the limits of the State. In the cáse of Lesterjette, Ordinary vs. Ford, at this Term, wé .decided that a decree in Equity, pronounced against a sole administrator, defendant, who resided but of the State and who had no property, within it, and who was made a party by publication of a rule, could not be given in evidence to charge his securities in an action at law on the administration bond. .That decision proceeded on thé ground, that the decree was prp-nonneed against the defendant, over whom, the Court had no jurisdiction; and Was therefore void. In that case, it is said, that a decree pronounced in a cause, against iwo administrators, one of whom was in the State, and the other out of it, would be evidence to charge the securities. This dictum is, I still think, correct, subject, however, < to some qualification, to which my attention has been called in the investigation of this case, and which, I shall, in the course of my remarks upon it, point out. These decisions are the only ones to which I have keen able to refer, having any, bearing on the question now under consideration. It is plain from them, that if both the administrator and administratrix were out of the State, the jurisdiction of Court must be sustained. For if that was the case, the complainants could have no remedy at law ;> unless they should pursue the Chancellors advice ; follow the administrator and administratrix, and obtain a decree, where they might happen to reside; and then'a most puzzling question would arise; could the decree of the Court of Equity, of another Slate, be given in evidence in the Courts of this State, to charge their securities on the administra *491 tion bond? I incline to think it -could not; and if so, the parties would then be left where they began. Although this case does not fall within the letter of the exceptions, made by the cases, to the general rule, yet, I apprehend, it comes fully within the reason of all of them. The jurisdiction, in each of these cases, was sustained, on the ground, that the complainants had not plain and adequate remedy at law, by reason of the absence of the administrator from the State. The only difficulty, in this case, arises from the fact, that the administratrix was within the jurisdiction of the Court, at the institution of this suit; and that, therefore, the absent administrator might, by publication of a rulé, be made a party; and a decree, thus obtained against them, might, at some time, have been evidence, to have charged the securities at law. This would, it is true, be furnishing a legal remedy. ■ But it is not that plain and adequate remedy, which is necessary to be shewn to exist to oust the jurisdiction of the Court of Equity. I attach no consequence to the first position, assumed by the defendants, that until the administrator and administratrix have accounted and a sum, certain, is decreed against them, by some competent jurisdiction, they (the securities,) are not liable. This is true at law, but not in Equity. At law, the accounts cannot be examined, and it is for the want of this accounting power, there, that the amount due must be ascertained by the Ordinary,.or the Court of Equity, before an action can be maintained. In Equity, the Court possesses all the powers to do exact justice between the parties: it can examine the accounts, fix the administrator’s liability, and direct him to be pursued to insolvency before the securities shall be liable to process, to, enforce the decree. Their second position, that they are only liable at law is that, about which, haying a due regard to the decided cases, I have the most difficulty. But, as I have already intimated, I think the. defendants are liable here. The undertaking of the administrator and adminis-trix, and their securities, by their bond, is for the joint administration of the administrator and administratrix; they are, therefore, jointly liable for each other’s devasta-vils. Tlris is, as between them, and either the creditors, distributees, or securities. But as between themselves, *492 they are each liable for his, or her own acts. In their reflation to creditors, distributees, or their own securities, they may be regarded as securities for each other.
The absent administrator had the entire management of the estate ; in point of fact, he was the sole administrator. The administratrix was only in name, not in reality, a representative of the rights of the intestate. She is, then, for the purposes of this question, to be regarded only as the first security of the administrator, who managed the estate; and the two other defendants, as undertaking to be liable for the defalcations of the admintrator, if, both the administrator and administratrix, fail to make them good. In this view, the case falls within the cases of Riddlesperger vs. Riddlesperger, and Cole vs. Cole. It is not to be expected from the administratrix, who had nothing to do with the management of the estate, that she should be able to shed any light on the subject in dispute ; and if the fact be that she and her husband are insolvent, as appears to have been proved on the trial, she has nothing to lose by any decree, which may be pronounced in this case. Under these circumstances, she will not be either able, or willing to protect the rights of the absent administrator, or the securities who are, in point of fact, to be made liable for his acts. This is, then, one good reason, why they should be made parties, that they may have the opportunity of clef ending themselves., and in doing so, to defend their absent principal.
There is, however, another, and I think, a conclusive reason, why the Court of Equity should entertain jurisdiction of the bill against them. The absent defendant, if without the United States, may, within four years, or if-out of the S.tate, but within the United States, within two years, upon paying, or giving security for such cost, as the Court shall think proper, appear and have the case heard, as if no order, or decree had been made in it. P. L. 338. Until the expiration of this time, the decree cannot be conclusive, as. against the absent defendant; and of course cannot be against his securities. They might, I should think, within the time allowed for him to come in and open the decree, be also allowed, on complying with what Is, required by the Act, to be done by him, to have thq- *493 case reheard. Indeed, I incline to think, that until the time fixed by the Act has expired, the decree would not be sufficient evidence at law, to charge the .securities on their bond. Be that, however, as it may, the remedy at law is far from being either plain or adequate. By adequate, I understand, that which ' affords certain and final relief. In this case, it would be neither, for during four, or two years, (as the case may be,) from the rendition of the-decree against the absent defendant, a judgment at law, on the bond, and the previous decree would be examinable by the absent defendant, or his securities. It is not a plain remedy, for,' as I have said, it is doubtful whether the decree would be evidence to charge the securities on the -bond, until the time fixed by law had elapsed. In Equity, all- these objections are obviated.' The decree against the securities, precludes .them from any farther litigation on the same matter. Over the accounts of administrators, the Court of-Equity possesses a jurisdiction, as ancient as the office, of the' administrator; and over the securities, who undertake that he shall account, I should never have entertained a doubt, that it possessed the same jurisdiction, had it not been for the case of Hoell vs. Blanchard and others of the same class. This case not falling within their exact analogy, but more properly coming within the exceptions made to the rule established by those cases, I think, rightfully, belongs to the Equity jurisdiction,
' If convenience ought to have any weight, in deciding a legal' question,' it wotdd. induce . us to sustain this bill against the. securities. For this case, then, will do justice to all parties; on the other hand, if the bill was dismissed,, as to them, this suit against the administrator- and admin-istratrix, another at law on the. bond, and, finally, á suit in equity, at the instance of the securities, to correct the errors; of a decree pronounced against an absent administrator,, and an interested, or insolvent administratrix,, will be the-necessary consequences. - Such circuity of arriving at justice ought not to be. encouraged. It is, therefore, ordered and decreed, that so much of. Chancellor Johnston’s decree,, as dismisses the bill, as to the defendants, Solomon Croc-ker, and William Gore, be reversed, and that the bill bn *494 retained as to them, and that the defendants, James Croc-ker, David Robertson and Martha, his wife, Solomon Crocker and William Gore do account before the Commissioner in Equity, for Spartanburgh district, to the complainants, for their shares of the personal estate of Elijah McBee, deceased; and that James Crocker, David Robertson, and Martha, his wife, do pay to them, such sums as shall be established against the said defendants, on such accounting, upon the confirmation of the Commissioner’s report, on the said accounts; and, in the event, that the decree cannot be enforced against the said James Crocker, David Robertson, and Martliq, his wife, by the. writ, in the nature of a fieri facias, that then, the complainants do have the process of execution, of the Cqurt of Equity, to enforce the said decree against the defendants, Solomon Crocker, and William Gore.
Irby & Bobo, for the motion.
Henry, contra.
JOHN B. O’NEALL.